

**SIGNED this 25 day of May, 2006.**

_____
**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:                                                                                        No. 04-15398
                                                                                              Chapter 7
WENDELL D. MOONEYHAM,

      Debtor.


SECURITY FEDERAL SAVINGS BANK,

      Plaintiff,

v.                                                                                            Adversary Proceeding
                                                                                              No. 05-1083
WENDELL D. MOONEYHAM,

      Defendant.


Appearances:    James D. Lane, II, Tullahoma, Tennessee, and Thomas O. Bratcher, McMinnville, Tennessee, Attorneys for Plaintiff

                       Wendell D. Mooneyham, Pro Se, Cookeville, Tennessee

The Honorable R. Thomas Stinnett, United States Bankruptcy Judge

**MEMORANDUM**

The complaint filed by Security Federal Savings Bank alleges that the debt owed to it by the bankrupt debtor, Mr. Mooneyham, cannot be discharged in his bankruptcy case. Mr. Mooneyham has filed a motion to dismiss the complaint. This memorandum deals with the motion to dismiss.

The complaint alleges:

> Security Federal loaned money to Mr. Mooneyham for the remodeling or construction of a particular single family dwelling, and the money was to be used exclusively for that purpose.
>
> Mr. Mooneyham converted the funds to his own use or benefit, and the funds were not used for the purposes intended.

The complaint then alleges that Mr. Mooneyham's debt to the bank should be excepted from discharge under either of two bankruptcy statutes. The bank relies first on § 523(a)(2)(A), which provides:

> A discharge . . . does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(A) (2004).

The complaint does not state the details of the alleged false pretenses, false representation, or actual fraud. The complaint is apparently intended to allege that the debtor falsely promised or misled the bank into believing that he would use the loaned money exclusively for building or remodeling one particular house, but then he used the money for other purposes.

To prove that a debt is not dischargeable under § 523(a)(2)(A), the creditor generally must prove:

> 1. The debtor made representations, and when he made the representations, he knew they were false.

    2.    The false representations were made by the debtor with the intention or purpose of deceiving the plaintiff.

    3.    The plaintiff justifiably relied on the false statements made by the debtor.

    4.    The plaintiff sustained a loss and damages as the proximate result of the false statements made by the debtor.

*Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L.Ed. 2d. 351 (1995).

When the debtor obtained money from the plaintiff by making a promise of future action, the exception from discharge will or will not apply according to whether the promise was false or true, just as if the debtor made a representation of existing facts. Failure to carry out the promise may be simply a breach of contract and not fraud, false pretenses, or a false representation. *See, e.g., Clayton Brokerage Co. v. Teleswitcher Corp.*, 555 F.2d 1349 (8th Cir. 1977); *Planters & Growers Golden Leaf Warehouse v. Baird (In re Baird)*, 229 B.R. 361 (Bankr. D. S. C. 1997); *Spectra Plastics, Inc. v. Nashoba Bank*, 15 S.W.3d 832 (Tenn. Ct. App. 2000); *Elliott v. Shore Stop, Inc.*, 384 S.E. 2d 752 (Va. 1989); Restatement (Second) Torts §§ 525 & 544. This problem arises regularly in the bankruptcy cases of building contractors. *See, e.g., Gerad v. Cole (In re Cole)*, (164 B.R. 951 (Bankr. N. D. Ohio 1993); *Rezin v. Barr (In re Barr)*, 194 B.R. 1009 (Bankr. N. D. Ill. 1996); Burleson Constr. Co. v. White (In re White), 106 B.R. 501 (Bankr. E. D. Tenn. 1989); *Wilson v. Mettetal (In re Mettetal)*, 41 B.R. 80 (Bankr. E. D. Tenn. 1984).

The bank also relies on § 523(a)(4), which provides:

> A discharge . . . does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

11 U.S.C. § 523(a)(4) (2004).

Fiduciary capacity requires a technical or express trust that was created by agreement or statute. The trust must have existed before the debtor's fraud or defalcation. *R. E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176 (6th Cir. 1997); *Kriegish v. Lipan (In re*

*Kriegish)*, 275 B.R. 838 (E. D. Mich. 2002); *Kannon v. Blalock (In re Blalock)*, 15 B.R. 33 (Bankr. E. D. Tenn. 1981).

Embezzlement requires proof that the debtor lawfully obtained possession or control of another person's property and then took the property for his own use. *Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137 (Bankr. D. Md. 1999). Implicit in embezzlement is the other person's intent to remain the owner of the property while the debtor has possession or control. *D'Agata v. Hogan (In re Hogan)*, 193 B.R. 142 (Bankr. N. D. N. Y. 1995). Thus, a debtor has committed embezzlement within the meaning of the bankruptcy statute if: (1) he lawfully obtained possession or control of property that belonged to someone else; (2) the property remained the other person's property while in the debtor's possession or control; (3) the debtor wrongfully converted the property from the owner's use to his own. The typical case involves an employee whose job involves handling money for his employer and who skims off part of the money that comes under his control.

On the other hand, larceny requires proof that the person wrongfully gained possession or control of the property in the first place. Larceny is a kind of theft. The thief wrongfully takes property away from its owner, and the thief has the intent to convert the property to his own use without the owner's consent. *Williams v. Noblit (In re Noblit)*, 327 B.R. 307 (Bankr. E. D. Mich. 2005). Larceny can sometimes overlap obtaining property by fraud, false pretenses, or false representation under § 523(a)(2)(A). *Compare*: *Allstate Life Ins. Co. v. Guerrerio (In re Guerrerio)*, 143 B.R. 605 (Bankr. S. D. N. Y. 1992); *Longo v. McLaren (In re McLaren)*, 136 B.R. 705 (Bankr. N. D. Ohio 1992), *aff'd* 3 F.3d 958 (6th Cir. 1993).

To prevail and obtain a judgment of nondischargeability, the bank must prove the required facts by a preponderance of the evidence. *Grogan v. Garner*, 489 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 755 (1991). All exceptions to discharge of the debtor are strictly and narrowly construed in favor of the debtor. *Manufacturer's Hanover Trust Co. v. Ward (In re Ward)*, 857 F.2d

1082, 1083 (6th Cir. 1988); *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986), *both citing, Gleason v. Fall*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

The debtor's motion to dismiss does not directly raise the question of whether the allegations of the complaint are sufficient to state a claim against the debtor under either statute. Fed. R. Bankr. P. 7009 & 7012(b); Fed. R. Civ. P. 9(b) & 12(b)(6). The motion primarily makes the argument that the debtor's current finances render him unable to pay the debt, and his financial outlook makes it unlikely that he will ever be able to pay the debt. The debtor's inability to pay the debt now or in the future is not a defense. The question is whether the debt was discharged. If not, then the debtor still owes it without regard to whether he can pay it or will ever be able to pay it.

The motion does recite or allege some facts regarding the debtor's transactions with the bank. In that respect, the motion is more like an answer than a motion to dismiss. The motion is accompanied by exhibits that relate to the debtor's financial condition. It is not accompanied by the debtor's affidavit or other evidence that might lead the court to treat the motion to dismiss as a motion for summary judgment. Fed. R. Bankr. P. 7012(b) & 7056; Fed. R. Civ. P. 12(b) & 56(c). The court will deny the motion because it does not raise any valid ground for dismissal of the complaint.

The motion is also denied on the ground that it was filed after May 5, 2006, the date set by the final scheduling order as the last day for the filing of dispositive motions.

The court will enter an order denying the motion in accordance with this memorandum, and the trial will proceed on the date already set, June 5, 2006.