

**SO ORDERED.**

**SIGNED this 07 day of July, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
                **R. Thomas Stinnett**
        **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:                                                                                                No. 04-15398
                                                                                                       Chapter 7
WENDELL D. MOONEYHAM,

    Debtor.


SECURITY FEDERAL SAVINGS BANK,

    Plaintiff,

v.                                                                                                     Adversary Proceeding
                                                                                                       No. 05-1083
WENDELL D. MOONEYHAM,

    Defendant.


Appearances:    James D. Lane, II, Tullahoma, Tennessee, and Thomas O. Bratcher,
                     McMinnville, Tennessee, Attorneys for Plaintiff

                     Wendell D. Mooneyham, Pro Se, Cookeville, Tennessee

The Honorable R. Thomas Stinnett, United States Bankruptcy Judge

## MEMORANDUM

The plaintiff has filed a motion to amend its complaint against the debtor. The complaint alleges that the plaintiff made a loan to the debtor for use in a particular building project, but the debtor used the money for other purposes. The complaint relies on § 523(a)(2)(A) and § 523(a)(4) as the legal bases for excepting the debt from discharge. 11 U.S.C. § 523(a)(2)(A), (4). The proposed amendment seeks to add a new legal basis, § 523(a)(6), without alleging any different or additional facts. Section 523(a)(6) creates an exception from discharge for a debt arising from willful and malicious injury by the debtor to another person or another person's property. 11 U.S.C. § 523(a)(6).

A complaint under § 523(a)(6) must be filed before the deadline set by the bankruptcy code and rules. 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c). The deadline passed long before the plaintiff filed the motion to amend the complaint. The court will be required to deny the amendment because it amounts to a late-filed complaint *unless* the amendment relates back to the original complaint.

An amendment relates back if the claim asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the complaint. Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(c)(2). This means that an amendment generally relates back if it is based on the same facts alleged in the complaint and only adds a new legal theory. *Newman v. Kruszynski (In re Kruszynski)*, 150 B.R. 209 (Bankr. N. D. Ill. 1993); *Guaranty Corp. v. Fondren (In re Fondren)*, 119 B.R. 101 (Bankr. S. D. Miss. 1990) (amendment under § 523(a)(6) related back to complaint alleging § 523(a)(2)).

The plaintiff does not propose adding to the facts alleged in the complaint, but the proposed amendment still raises the question of whether a claim under § 523(a)(6) will necessarily require proof of facts different from the facts alleged in the complaint. This question comes up because § 523(a)(6) requires proof that the debtor acted both willfully and maliciously.

Willfulness requires the actual intent to cause injury, or at the least, the intent to perform the act and the belief that the harmful consequences are substantially certain to follow. *Kawaahuau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455 (6th Cir. 1999); *Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598 (5th Cir. 1998). In an earlier decision in this proceeding, the court pointed out that, as a general rule, the plaintiff can prevail under § 523(a)(2)(A) or (a)(4) only by proving the debtor's wrongful intent. Wrongful intent is required to prove actual fraud, fraud while acting in a fiduciary capacity, false pretenses, false representation, embezzlement, and larceny. *General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367 (5th Cir. 2005); *WebMD Services, Inc. v. Sedlacek (In re Sedlacek)*, 327 B.R. 872 (Bankr. E. D. Tenn. 2005). Under some of these grounds, the debtor may argue that he did not intend to injure the plaintiff. For example, the debtor who obtains a loan by making a false representation may argue that he did not intend to injure the lender because he still intended to repay the debt. The debt is still excepted from discharge, however, because the debtor committed a wrong against the lender by obtaining the loan on the basis of a false representation. Thus, the wrongful intent generally required by § 523(a)(2)(A) or (a)(4) may differ slightly from the wrongful intent that amounts to willfulness under § 523(a)(6). Willfulness is still a form of wrongful intent, however, and proof of willfulness in a case like this will generally involve the same facts as proof of wrongful intent under § 523(a)(2)(A) or (a)(4). The debtor is not likely to admit wrongdoing, and the plaintiff will attempt to prove it with evidence of surrounding circumstances, such as the debtor's finances and business activities.

Of course, § 523(a)(4) includes one exception from discharge that does not require proof of wrongful intent; the exception for a debt created by the debtor's defalcation while acting in a fiduciary capacity requires proof of a technical or express trust but not necessarily proof of wrongful intent. 11 U.S.C. § 523(a)(4); *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249 (6th Cir. 1982); *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386 (6th

Cir. 2005). This exception, however, is only one of the seven grounds set out in § 523(a)(2)(A) and § 523(a)(4), and the complaint does eliminate any of the seven grounds from consideration. The complaint will be essentially unchanged by amending it to add § 523(a)(6). The plaintiff will rely on the allegations of the complaint, and proof of the debtor's wrongful intent, including willfulness under § 523(a)(6), will be required by all the statutory grounds referred to in the complaint except defalcation while acting in a fiduciary capacity.

This brings the court to the question of whether the amendment should be denied because it will require proof of different facts to show that the debtor acted with malice as required by § 523(a)(6). Malice apparently means without just cause or excuse. *Kawaahuau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Malice does not require hatred, ill will, or spite toward the victim. *McIntyre v. Kavanaugh*, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916). Malice follows from willfulness – from the debtor's intent to cause harm – unless the debtor proves a just cause or excuse for his actions, such as self-defense. *See, e.g., Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84 (2d Cir. 1996); *Hagen v. NcNallen (In re McNallen)*, 62 F.3d 619, 625 (4th Cir. 1995); *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226 (6th Cir. 1991); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241 (5th Cir. 1983); *but see Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 604-606 (5th Cir. 1998). If the plaintiff proves the debtor's willfulness, then it has also proved malice unless the debtor can prove a just cause or excuse for intending to cause harm to the plaintiff. The malice requirement of § 523(a)(6) will not necessarily require the plaintiff to prove any facts other than those it would prove to show willfulness, and the court has already pointed out that proving willfulness will be essentially the same as proving wrongful intent under § 523(a)(2)(A) or (a)(4). Thus, the malice requirement of § 523(a)(6) does not substantially change the nature of the plaintiff's complaint against the debtor.

The debtor could argue that the amendment should not be allowed because it was proposed about seven weeks before the trial date, and that is not enough time for the debtor to

prepare a new defense. 6 Charles A. Wright, et al., *Federal Practice and Procedure 2d*, Civil § 1488 at 671–678. This case involves a loan from the plaintiff to the debtor. How did the debtor obtain the loan or draws on the loan? Did he mislead the plaintiff, and did he intend to mislead the plaintiff? The questions under § 523(a)(6) are almost identical to the question of wrongful intent under § 523(a)(2) and (a)(4). The evidence under § 523(a)(6) should be essentially the same evidence that would be relevant under § 523(a)(2)(A) or (a)(4). The addition of § 523(a)(6) to the complaint should, at most, require the plaintiff to ask and the debtor to answer a few more questions regarding the debtor's intent. The proposed amendment was filed late in this adversary proceeding, but the court concludes that allowing it and adding § 523(a)(6) to the complaint will not impose any significant hardship on the debtor in preparing for the trial.

The last problem with the amendment is really a problem with the complaint. The complaint is very general. It does not allege the debtor's intent at key points in his dealings with the plaintiff. At best, the complaint allows an inference that the debtor at some time (or times) did not intend to use the loan as promised. Now, the plaintiff wants to add another legal theory that also requires proof of the debtor's intent. This raises the question of whether the court should deny the amendment because the facts alleged in the complaint do not support a claim under § 523(a)(6). Amending a complaint to add a new legal theory is futile and should not be allowed if the facts alleged by the complaint cannot possibly make out a case under the new theory. 6 Charles A. Wright, et al., *Federal Practice and Procedure 2d*, Civil § 1487 at 635–645.

Denying the amendment on this ground would be similar to dismissal under Rule 12(b)(6) for failure to state a claim or dismissal under Rule 9(b) for failure to plead fraud with specificity. Fed. R. Bankr. P. 7009 & 7012(b); Fed. R. Civ. P. 9(b) & 12(b)(6). The court declines to take that step. The complaint is lacking in specifics, but the debtor has not moved to dismiss under Rule 9(b) or Rule 12(b)(6). The court's earlier order denying the debtor's motion to dismiss

should have made clear to the parties the kind of proof of intent that will be required for almost all the grounds under § 523(a)(2) or (a)(4).

      The court will enter an order allowing the amendment.